IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JAY STEVEN HEIDE,

     **Plaintiff,**

     v.                             CASE NO.  21-3111-SAC

JAY SATTERFIELD, et al.,

     **Defendants.**

MEMORANDUM AND ORDER
AND ORDER TO SHOW CAUSE

Plaintiff Jay Steven Heide, is hereby required to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why this action should not be dismissed due to the deficiencies in Plaintiff's Complaint that are discussed herein.

## I.  Nature of the Matter before the Court

Plaintiff brings this pro se action under 42 U.S.C. § 1983.  The Court entered a Notice of Deficiency (Doc. 3) granting Plaintiff until May 27, 2021, to either submit the $402 filing fee or to file a motion for leave to proceed in forma pauperis.  Plaintiff has filed a motion for extension of time (Doc. 4) seeking to extend the deadline to submit the filing fee.  The Court will grant the motion and provisionally grant Plaintiff leave to proceed in forma pauperis.  Plaintiff must submit the $402 filing fee or a motion to proceed in forma pauperis by June 18, 2021.

Plaintiff is incarcerated at the El Dorado Correctional Facility in El Dorado, Kansas. Plaintiff's allegations in his Complaint relate to his state criminal case.  He alleges that he is wrongfully incarcerated and he suffered abuse by other inmates and staff while housed at the Lansing Correctional Facility because he is labeled a child molester.

Plaintiff names as defendants:  Jan Satterfield, alleged judge; Charles M. Hart, former judge; Cheryl Pierce, former county prosecutor; Bob Albert, former investigator; and three private citizens.   Plaintiff seeks monetary damages against Defendants Satterfield and Hart.

## II.  Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992).  A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  In addition, the court accepts all well-pleaded allegations in the complaint as true.  *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006).  On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to

relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

### III.  DISCUSSION

#### 1.  Judicial Immunity

Plaintiff names state court judges as defendants.   State court judges are entitled to personal immunity.  "Personal immunities . . . are immunities derived from common law which attach to certain governmental officials in order that they not be inhibited from 'proper performance of their duties.'"  *Russ v. Uppah*, 972 F.2d 300, 302–03 (10th Cir. 1992) (citing *Forrester v. White*, 484 U.S. 219, 223, 225 (1988)).

Plaintiff's claims against the state court judges should be dismissed on the basis of judicial immunity.  A state judge is absolutely immune from § 1983 liability except when the judge acts "in the clear absence of all jurisdiction."  *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (articulating broad immunity rule that a "judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority . . . .");  *Hunt v. Bennett*, 17 F.3d 1263, 1266 (10th Cir. 1994).  Only actions taken outside a judge's judicial capacity will deprive the judge of judicial immunity.  *Stump*, 435 U.S. at 356–57.  Plaintiff alleges no facts whatsoever to suggest that the defendant judges acted outside of their judicial capacity.  Plaintiff should show good cause why his claims against the state court judges should not be dismissed based on judicial immunity.

#### 2.  Prosecutorial Immunity

Plaintiff has named the former county prosecutor as a defendant.  Plaintiff's claims against the county prosecutor fail on the ground of prosecutorial immunity.  Prosecutors are absolutely immune from liability for damages in actions asserted against them for actions taken "in initiating a prosecution and in presenting the State's case."  *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976).  Plaintiff's claims concerning his criminal case fall squarely within the

prosecutorial function.   Plaintiff is directed to show cause why his claims against the county

prosecutor should not be dismissed based on prosecutorial immunity.

### 3.  No State Actor

Plaintiff has named as defendants the alleged victim from his criminal case and her

parents.   Plaintiff has not shown that any of these defendants were acting under color of state law

as required under § 1983.   "To state a claim under § 1983, a plaintiff must allege the violation of

a right secured by the Constitution and laws of the United States, and must show that the alleged

deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S.

42, 48 (1988).   Plaintiff seeks to hold private actors accountable under § 1983 for the incident

and does not plead that the defendants acted under color of state law.   Because Plaintiff's

Complaint fails to sufficiently allege Defendants were acting under color of state law, this Court

lacks jurisdiction over these Defendants under § 1983.   *See Whitehead v. Marcantel*, 766 F.

App'x 691, 700 (10th Cir. 2019) ("We conclude that the complaint failed to  provide sufficient

factual matter to allege that Keefe was a state actor; therefore, the federal courts lack jurisdiction

over this claim.").   Plaintiff does not allege that these individuals were witnesses.   "[A]ll

witnesses enjoy absolute immunity from civil liability under § 1983 for their testimony in a prior

trial." *Hunt v. Bennett*, 17 F.3d 1263 (10th Cir. 1994) (citing *Briscoe v. LaHue*, 460 U.S. 325

(1983)).   Plaintiff's claims against these private citizens are subject to dismissal.

### 4.  *Heck* Bar

Plaintiff names a former investigator as a defendant.   Plaintiff states in his Complaint

that: "Robert Albert nearly (4) months after a complaint called my mental health counselor

where I was to speak with me.   He demanded I come to the police station for questioning."

(Doc. 1, at 9.)   Plaintiff alleges that Albert questioned him at the police station and took

Plaintiff's phone without a warrant and without permitting Plaintiff to have legal counsel. Plaintiff alleges that Albert swabbed his mouth without asking permission.  Plaintiff alleges that he was then read his Miranda rights but was not arrested until nearly a year later.

Plaintiff seeks monetary damages in this case.  Before Plaintiff may proceed in a federal civil action for monetary damages based upon an invalid conviction or sentence, he must show that his conviction or sentence has been overturned, reversed, or otherwise called into question. *Heck v. Humphrey*, 512 U.S. 477 (1994).  If Plaintiff has been convicted and a judgment on Plaintiff's claim in this case would necessarily imply the invalidity of that conviction, the claim may be barred by *Heck*.  In *Heck v. Humphrey*, the United States Supreme Court held that when a state prisoner seeks damages in a § 1983 action, the district court must consider the following:

> whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck*, 512 U.S. at 487.  In *Heck,* the Supreme Court held that a § 1983 damages claim that necessarily implicates the validity of the plaintiff's conviction or sentence is not cognizable unless and until the conviction or sentence is overturned, either on appeal, in a collateral proceeding, or by executive order.  *Id*. at 486–87.  Plaintiff has not alleged that the conviction or sentence has been invalidated.  Plaintiff's claims are subject to dismissal as barred by *Heck*.

## IV.  Motion to Appoint Counsel

Plaintiff has filed a motion for appointment of counsel (Doc. 2), alleging that he is financially unable to afford an attorney.  The Court has considered Plaintiff's motion for appointment of counsel.  There is no constitutional right to appointment of counsel in a civil case.  *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995).  The decision whether to appoint counsel in a civil matter lies in the

discretion of the district court.  *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991).  "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel."  *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)).  It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case."  *Steffey*, 461 F.3d at 1223 (quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

In deciding whether to appoint counsel, courts must evaluate "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims."  *Hill*, 393 F.3d at 1115 (citing *Rucks*, 57 F.3d at 979).  The Court concludes in this case that (1) it is not clear at this juncture that Plaintiff has asserted a colorable claim against a named defendant; (2) the issues are not complex; and (3) Plaintiff appears capable of adequately presenting facts and arguments.  The Court denies the motion without prejudice to refiling the motion if Plaintiff's Complaint survives screening.

## V.  Response Required

Plaintiff is required to show good cause why his Complaint should not be dismissed for the reasons stated herein.  Failure to respond by the deadline may result in dismissal of this action without further notice.

**IT IS THEREFORE ORDERED THAT** the Court provisionally grants Plaintiff leave to proceed in forma pauperis.

**IT IS FURTHER ORDERED THAT** Plaintiff's motion for extension of time (Doc. 4) is **granted**.  Plaintiff must submit the $402 filing fee or a motion for leave to proceed in forma

pauperis by **June 18, 2021.**   Failure to comply may result in dismissal of this action without further notice.

       **IT IS FURTHER ORDERED THAT** Plaintiff's motion for appointment of counsel (Doc. 2) is **denied without prejudice.**

       **IT IS FURTHER ORDERED THAT** Plaintiff is granted until **June 18, 2021,** in which to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why Plaintiff's Complaint should not be dismissed for the reasons stated herein.

       **IT IS SO ORDERED**.

       **Dated June 1, 2021, in Topeka, Kansas.**

**s/ Sam A. Crow**
**Sam A. Crow**
**U.S. Senior District Judge**
