IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JAY STEVEN HEIDE,

    **Plaintiff,**

v.                                                                  CASE NO. 21-3111-SAC

JAY SATTERFIELD, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this pro se action under 42 U.S.C. § 1983. Plaintiff is incarcerated at the El Dorado Correctional Facility in El Dorado, Kansas. Plaintiff's allegations in his Complaint relate to his state criminal case. He alleges that he is wrongfully incarcerated and he suffered abuse by other inmates and staff while housed at the Lansing Correctional Facility ("LCF") because he is labeled a child molester. Plaintiff names as defendants: Jan Satterfield, alleged judge; Charles M. Hart, former judge; Cheryl Pierce, former county prosecutor; Bob Albert, former investigator; and three private citizens. Plaintiff seeks monetary damages against Defendants Satterfield and Hart.

On June 1, 2021, the Court entered a Memorandum and Order and Order to Show Cause (Doc. 5) ("MOSC") directing Plaintiff to show cause why his Complaint should not be dismissed for the reasons set forth in the MOSC. This matter is before the Court on Plaintiff's responses (Docs. 6, 7) and motion for preliminary injunction (Doc. 9).

The Court found in the MOSC that Plaintiff's claims against the state court judges were subject to dismissal based on judicial immunity; Plaintiff's claims against the county prosecutor were subject to dismissal based on prosecutorial immunity; Plaintiff's claims against the alleged victim from his criminal case and her parents were subject to dismissal because these defendants

1

were not acting under color of state law as required under § 1983. The Court also found that Plaintiff's claims against the investigator in his criminal case were subject to dismissal because Plaintiff has not alleged that his conviction or sentence has been invalidated. Before Plaintiff may proceed in a federal civil action for monetary damages based upon an invalid conviction or sentence, he must show that his conviction or sentence has been overturned, reversed, or otherwise called into question. *Heck v. Humphrey*, 512 U.S. 477 (1994). Therefore, Plaintiff's claims are subject to dismissal as barred by *Heck*.

Plaintiff's responses (Docs. 6, 7) do not address the deficiencies set forth in the MOSC. Plaintiff makes the bald conclusions that "these defendants are not immune or above the law" (Doc. 6, at 2) and the defendants "lack immunity due to their personal involvement" (Doc. 7, at 1). Plaintiff also makes the bald allegation that the state court judge is not entitled to immunity because she was trying to force Plaintiff out of Butler County because Plaintiff would inherit his uncle's property and the state court judge wanted to acquire the property. (Doc. 7, at 1.) Plaintiff continues to make allegations regarding his state criminal case, claiming he was "set up." *Id*. at 2.

Plaintiff alleges that dismissal of this action without ordering a *Martinez* Report or discovery, violates Plaintiff's due process rights. (Doc. 6, at 2.) However, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

Plaintiff asks to be released to reside at home with his uncle. (Doc. 6, at 5.) Any claim for release from confinement must be brought in a habeas action. To the extent Plaintiff challenges the validity of his sentence in his state criminal case, his federal claim must be presented in habeas corpus. "[A] § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, *but not to the fact or length of his custody.*" *Preiser v. Rodriguez,* 411 U.S. 475, 499 (1973) (emphasis added). When the legality of a confinement is challenged so that the remedy would be release or a speedier release, the case must be filed as a habeas corpus proceeding rather than under 42 U.S.C. § 1983, and the plaintiff must comply with the exhaustion of state court remedies requirement. *Heck*, 512 U.S. at 482; *see also Montez v. McKinna,* 208 F.3d 862, 866 (10th Cir. 2000) (exhaustion of state court remedies is required by prisoner seeking habeas corpus relief); *see* 28 U.S.C. § 2254(b)(1)(A) (requiring exhaustion of available state court remedies). "Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *see Woodford v. Ngo*, 548 U.S. 81, 92 (2006); *Rose v. Lundy*, 455 U.S. 509, 518–19 (1982); Therefore, any claim challenging his state sentence is not cognizable in a § 1983 action.

Plaintiff also claims that he was beaten and sprayed with mace while at LCF. *Id*. at 5–6. Plaintiff alleges in his Complaint that he was attacked at LCF in 2016 and in 2018/2019 an inmate bit his lip and Plaintiff was sprayed with pepper spray and beaten. (Doc. 1, at 6–7.) Plaintiff requests subpoenas to acquire documents relating to injuries he sustained at LCF in June 2016. (Doc. 10.) To the extent Plaintiff alleges he was injured prior to April 2019, that claim

would be barred by the two-year statute of limitations. The statute of limitations applicable to § 1983 actions is determined from looking at the appropriate state statute of limitations and tolling principles. *See Hardin v. Straub*, 490 U.S. 536, 539 (1989). "The forum state's statute of limitations for personal injury actions governs civil rights claims under both 42 U.S.C. § 1981 and § 1983. . . . In Kansas, that is the two-year statute of limitations in Kan. Stat. Ann. § 60–513(a)." *Brown v. Unified Sch. Dist. 501, Topeka Pub. Sch.*, 465 F.3d 1184, 1188 (10th Cir. 2006) (citations omitted). The same two-year statute of limitations governs actions under 42 U.S.C. § 1985. *See Alexander v. Oklahoma*, 382 F.3d 1206, 1212 (10th Cir.), *rehearing denied*, 391 F.3d 1155 (10th Cir. 2004), *cert. denied*, 544 U.S. 1044 (2005).

While state law governs the length of the limitations period and tolling issues, "the accrual date of a § 1983 cause of action is a question of federal law." *Wallace v. Kato*, 549 U.S. 384, 388 (2007). Under federal law, the claim accrues "when the plaintiff has a complete and present cause of action." *Id.* (internal quotation marks and citation omitted). In other words, "[a] § 1983 action accrues when facts that would support a cause of action are or should be apparent." *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006) (internal quotation marks and citation omitted), *cert. denied* 549 U.S. 1059 (2006). Plaintiff filed this action on April 26, 2021. Therefore, any claims accruing before April 26, 2019, would be untimely. Furthermore, Plaintiff has not raised a claim against LCF staff or named them as defendants in this action.

To the extent Plaintiff requests the assistance of counsel in his responses (Doc. 6, at 6; Doc. 7, at 8), the requests are denied for the reasons set forth in this Court MOSC denying the appointment of counsel. (Doc. 5, at 6–7.)

Plaintiff has filed a Motion for Preliminary Injunction (Doc. 9). Plaintiff alleges that on June 22, 2021, the Mental Health Director asked in the presence of other inmates if Plaintiff had

taken a sex offender class. (Doc. 9, at 2.) Plaintiff alleges that this statement put his life at risk. Plaintiff seeks an injunction to "not be retaliated against with disciplinary reports of violations that do not exist, nor placed in segregation, nor be forced to transfer to any other facility than EDCF." *Id*. at 3.

To obtain a preliminary injunction, the moving party must demonstrate four things: (1) a likelihood of success on the merits; (2) a likelihood that the movant will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of the equities tip in the movant's favor; and (4) that the injunction is in the public interest. *Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010). "[A] showing of probable irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction." *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.,* 356 F.3d 1256, 1260 (10th Cir. 2004).

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). A preliminary injunction is appropriate only when the movant's right to relief is clear and unequivocal. *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005). Moreover, a federal court considering a motion for preliminary injunctive relief affecting the conditions of a prisoner's confinement must give "substantial weight to any adverse impact on public safety" and on prison operation. 18 U.S.C. § 3626(a)(2). Because preliminary injunctions and TRO's are drastic remedies—"the exception rather than the rule—plaintiffs must show that they are clearly and unequivocally entitled to relief." *Adrian v. Westar Energy, Inc.*, No. 11-1265-KHV, 2011 WL 6026148, at *3 (D. Kan. 2011) (citations omitted).

The Court finds that Plaintiff has not met his burden to make a heightened showing that entry of a preliminary injunction is warranted; he has not demonstrated a likelihood of success on the merits such that his right to relief is clear and unequivocal.

**IT IS THEREFORE ORDERED THAT** Plaintiff's Motion for Preliminary Injunction (Doc. 9) is **denied.**

**IT IS FURTHER ORDERED THAT** this matter is **dismissed** for failure to state a claim.

**IT IS FURTHER ORDERED THAT** Plaintiff's request for subpoenas (Doc. 10) is **denied as moot.**

**IT IS SO ORDERED**.

**Dated July 15, 2021, in Topeka, Kansas.**

> s/ Sam A. Crow
> **Sam A. Crow**
> **U.S. Senior District Judge**