IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JAY STEVEN HEIDE,

    **Plaintiff,**

    v.                          CASE NO. 21-3111-SAC

JAY SATTERFIELD, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this pro se action under 42 U.S.C. § 1983. Plaintiff is incarcerated at the El Dorado Correctional Facility in El Dorado, Kansas. On July 15, 2021, the Court dismissed this case for failure to state a claim. (Docs. 11, 12.) This matter is before the Court on Plaintiff's Motion to Reconsider (Doc. 15).

Plaintiff's motion argues that he needs counsel appointed to help him file an amended complaint and there is "no reason to dismiss." (Doc. 15, at 1.) He also takes issue with his case being dismissed prior to an investigation, settlement or trial. *Id*. Plaintiff also states that he would like to "revisit" his dismissed habeas case. However, any relief Plaintiff seeks in another case must be sought in that case. Plaintiff asserts that the PLRA system is biased and unconstitutional and maintains that he was framed in his state criminal case. *Id*. Plaintiff has also filed a Notice of Appeal. (Doc. 16.) Lastly, Plaintiff seeks to have his filing fee refunded if his case is not reopened.

Plaintiff previously sought the appointment of counsel in this case (Doc. 2) and the Court denied the motion in its June 1, 2021 Memorandum and Order. (Doc. 5, at 6–7.) To the extent Plaintiff is seeking the appointment of counsel in his motion for reconsideration, the request is

1

denied for the same reasons set forth in the Court's prior Memorandum and Order denying his prior motion. *Id*.

Local Rule 7.3 provides that "[p]arties seeking reconsideration of dispositive orders or judgments must file a motion pursuant to Fed. R. Civ. P. 59(e) or 60." D. Kan. Rule 7.3(a). Because Plaintiff's motion was filed within 28 days after the entry of the order, the Court will treat it as a motion under Rule 59. *See* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.").

A motion to alter or amend under Fed. R. Civ. P. 59(e) may be granted when "the court has misapprehended the facts, a party's position, or the controlling law." *Nelson v. City of Albuquerque*, 921 F.3d 925, 929 (10th Cir. 2019) (citing *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)). A motion to alter or amend judgment pursuant to Rule 59(e) may be granted only if the moving party can establish: (1) an intervening change in the controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice. *Servants of the Paraclete*, 204 F.3d at 1012. Motions to alter and amend are "not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Nelson*, 921 F.3d at 929 (quoting *Servants of the Paraclete*, 204 F.3d at 1012). "[O]nce the district court enters judgment, the public gains a strong interest in protecting the finality of judgments." *Id*. at 929 (citation omitted). Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly. *See Templet v. HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004); *Allender v. Raytheon Aircraft Co.*, 439 F.3d 1236, 1242 (10th Cir. 2006); *Zucker v. City of Farmington Hills*, 643 F. App'x 555, 562 (6th Cir. 2016) (relief under R. 59(e) is rare).

2

Plaintiff does not meet the exacting standard for relief under Fed. R. Civ. P. 59(e). Plaintiff reargues the merits of his case and fails to assert an intervening change in the controlling law, the availability of new evidence that could not have been obtained previously through the exercise of due diligence, or the need to correct clear error or prevent manifest injustice. In sum, Plaintiff has failed to meet the standard required for this Court to alter or amend its July 15, 2021 Order and Judgment, and that ruling stands.

Plaintiff has provided no authority for a refund of his filing fee. His request for a refund is denied. *See Holt v. Bengtson*, 161 F.3d 17 (Table), 1998 WL 689661, at *1 (10th Cir. 1998) (unpublished) (stating that no statutory authority exists for a refund after dismissal); *Goins v. Decaro*, 241 F.3d 260, 261 (2nd Cir. 2001) (finding refund not authorized and also encounters the barrier of sovereign immunity because debited funds have become property of United States); *Morris v. Bush*, 2008 WL 5231843, at *2 (N.D. Fla. 2008) ("[W]hen a complaint is dismissed, the filing fee is not refunded to the Plaintiff.").

**IT IS THEREFORE ORDERED THAT** Plaintiff's Motion for Reconsideration (Doc. 15) is **denied.**

**IT IS SO ORDERED**.

**Dated July 21, 2021, in Topeka, Kansas.**

<u>s/ Sam A. Crow</u>
**Sam A. Crow**
**U.S. Senior District Judge**