IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**JAY STEVEN HEIDE,**

    **Plaintiff,**

    v.                                               **CASE NO. 21-3111-SAC**

**JAY SATTERFIELD, et al.,**

    **Defendants.**

## ORDER

Plaintiff brings this pro se action under 42 U.S.C. § 1983. Plaintiff is incarcerated at the El Dorado Correctional Facility in El Dorado, Kansas. On July 15, 2021, the Court dismissed this case for failure to state a claim. (Docs. 11, 12.) On July 20, 2021, Plaintiff filed a Motion for Reconsideration (Doc. 15) and a Notice of Appeal (Doc. 16). The Court denied Plaintiff's Motion to Reconsider on July 21, 2021. (Doc. 20.) This matter is before the Court on Plaintiff's request regarding the appellate filing fee (Doc. 23) and Motion for Appointment of Counsel (Doc. 24).

Plaintiff's request regarding the appellate filing fee seeks information regarding the amount of the fee or the ability to proceed in forma pauperis. Plaintiff's request is not on a court-approved form for proceeding in forma pauperis and is therefore denied. The Court will direct the Clerk to provide Plaintiff with a form for filing a motion for leave to appeal in forma pauperis. If Plaintiff is not granted leave to proceed in forma pauperis, the appellate filing fee is $505.

Plaintiff's request for the appointment of counsel is denied. The Court has considered Plaintiff's motion for appointment of appellate counsel. There is no constitutional right to

1

appointment of counsel in a civil case. *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995). The decision whether to appoint counsel in a civil matter lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

In deciding whether to appoint counsel, courts must evaluate "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Hill*, 393 F.3d at 1115 (citing *Rucks*, 57 F.3d at 979). The Court concludes in this case that (1) it is not clear at this juncture that Plaintiff has asserted a colorable claim against a named defendant; (2) the issues are not complex; and (3) Plaintiff appears capable of adequately presenting facts and arguments. The Court denies the motion without prejudice to Plaintiff filing a motion for appointment of counsel with the Tenth Circuit.

**IT IS THEREFORE ORDERED THAT** Plaintiff's request regarding the appellate filing fee (Doc. 23) is **denied** to the extent Plaintiff seeks leave to proceed in forma pauperis on appeal. The Clerk is directed to provide Plaintiff with forms for filing a motion for leave to proceed in forma pauperis on appeal.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Appointment of Counsel (Doc. 24) is **denied without prejudice.**

**IT IS SO ORDERED**.

**Dated August 2, 2021, in Topeka, Kansas.**

                                                **s/ Sam A. Crow**
                                                **Sam A. Crow**
                                                **U.S. Senior District Judge**